IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10620
Conference Calendar

_____


JOHN H. CLOUD,

                                        Plaintiff-Appellant,


versus

TOM BARR,

                                        Defendant-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95CV00633
- - - - - - - - - -
August 22, 1996
Before KING, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     John H. Cloud appeals the district court's denial of his

second motion for reconsideration under Fed. R. Civ. P. 60(b).

Cloud has not shown that the district court's denial of his Rule

60(b) motion was "so unwarranted as to constitute an abuse of

discretion." Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402

(5th Cir. 1981). Cloud has not shown that his allegations

against Tom Barr, a private attorney, or Melody Rae Cloud, the

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

defendants he sought to add, state a claim for a violation of his constitutional rights under 42 U.S.C. § 1983. See Resident Council of Allen Parkway Village v. U.S. Dep't of Housing and Urban Dev., 980 F.2d 1043, 1050 (5th Cir). cert. denied, 114 S. Ct. 75 (1993). Cloud also sought to add Layne Jackson, an assistant district attorney for Dallas County, Texas, as a defendant in his Rule 60(b) motion. Although Jackson would be considered a state actor, Cloud has not shown that the district court's denial of his Rule 60(b) motion, including his request to add Jackson as a defendant, was "so unwarranted as to constitute an abuse of discretion" especially since the district court had allowed Cloud to file six amended complaints. See Seven Elves, Inc., 635 F.2d at 402.

Cloud's appeal is without an arguable basis in fact or law and is thus frivolous. see Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Cloud's appeal is DISMISSED AS FRIVOLOUS. We caution Cloud that any future frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Cloud is cautioned further to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED.